| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Marc C Forsythe<br>Goe Forsythe & Hodges LLP<br>18101 Von Karman Ave Ste 1200<br>Irvine, CA 92612<br><br>(949) 798-2460<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br><br>Homestead Escrow, Inc.<br><br><br><br><br>Debtor(s). | CASE NO.:  8:19-bk-13159-SC<br><br>CHAPTER:  7<br><br><br>ADVERSARY NUMBER: 8:20-ap-01164-SC |
| Karen S. Naylor<br><br><br>                                                   Plaintiff(s)<br>                    Versus<br>Corner Escrow, Inc.<br><br><br>                                                  Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **01/04/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

|                |                                                |
|----------------|------------------------------------------------|
| **Date:**      | **February 17, 2021**                          |
| **Time:**      | **01:30 PM**                                    |
| **Hearing Judge:** | **Scott C Clarkson**                       |
| **Location:**  | **411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>December 2, 2020</u>

By: _____<u>"s/" Nickie Bolte</u>_____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 2                                    **F 7004–1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

## UNITED STATES BANKRUPTCY COURT

### Early meeting of Counsel and Status Conference Instructions

1. **Service of Order.**  A copy of this Order re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint.  The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2. **Local Bankruptcy Rule 7026-1.**  Compliance with Local Bankruptcy Rule 7026-1 (ALBR 7026-1") is required in ALL adversary proceedings.

3. **Rule 26(f) Meeting.**  Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (ARule 26(f) Meeting@) at least 21 days before the status conference date set forth in the summons.  **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

   The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone.  During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and ( c) develop a proposed discovery plan.  The discussion of claims and defenses must be substantive and meaningful.  The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

4. **Initial Disclosures.**  Rule 26(a)(1) states that a party must, without awaiting discovery request, provide to other parties:

   a. The name and, if known, the address and telephone number for each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses,

unless the use would be solely for impeachment.

b.  A copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

c.  A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

d.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P.26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information that is reasonably available to it.  A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party=s disclosures or because another party has not made its disclosures.

F.R.Civ.P.26(a)(1)(E).

   **5.  Alternative Dispute Resolution (AADR@).**  The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding.  The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report.  If the parties elect not to participate in an early ADR effort, the Court may nonetheless direct the parties to ADR before trial

   **6.  Discovery Plan.**  At the Rule 26(f) Meeting, the parties must also discuss issues about preserving discoverable information and develop a proposed discovery plan.  The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally.  The deadlines in the discovery plan must be mutually

agreeable, with a view to achieve resolution of the case with a minimum of expense and delay.

**7.  Joint Status Report.**  A status report must be filed within the time frames specified

within LBR 7016-1(a)(2).    The Joint Status Report must contain the information set forth in

LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and

made the initial disclosures required by Rule 26(a)(1).  The Joint Status Report shall also serve as

the written report of the Rule 26(f) Meeting.  If Defendant(s) have not filed and served an answer

to the Complaint, a Unilateral Status report is due seven (7) days prior to the first status

conference hearing.

**8.  Status Conference/Rule 16(b) Scheduling Conference.**  At the Rule 16(b) Scheduling

Conference, the Court will review the discovery plan set forth in the Joint Status Report and set

appropriate deadlines.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status

Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all

matters to be covered.

**9.  Default.**  If no response to the complaint is timely filed, plaintiff should request entry of

default by the clerk prior to the status conference date set forth in the summons. F.R.Civ.P.55(a).

Plaintiff may also request entry of a default judgment by filing and serving an appropriate

motion. F.R.Civ.P.55(b)(2).

**10. Sanctions.  Failure to comply with these instructions may subject the responsible**

**party and/or counsel to sanctions, which may include dismissal of the adversary**

**proceeding.  The failure of either party to cooperate in the preparation of timely filing of a**

**Joint Status Report or appear at the status conference may result in the imposition of**

**sanctions under LBR 7016-1(f) or (g).**

///

**11. <u>Joint Pre-Trial Order</u>.  Failure to timely file a Joint Pre-Trial order may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Pre-Trial Conference or appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

Honorable Scott C. Clarkson
United States Bankruptcy Judge

Marc C. Forsythe (CA Bar No. 153854)
Ronghua Sophia Wang (CA Bar No. 324494)
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
mforsythe@goeforlaw.com
swang@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Plaintiff Karen S. Naylor,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No.:  8:19-bk-13159-SC |
| HOMESTEAD ESCROW, INC., | Adv. No.: _____ |
| Debtor. | Chapter 7 Proceeding |
| | **COMPLAINT:** |
| KAREN S. NAYLOR, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Homestead Escrow, Inc., | **(1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550;** |
| Plaintiff, | **(2) TO AVOID AND RECOVER FRADULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2) AND 3439.05(a);** |
| vs. | |
| CORNER ESCROW, INC., a California corporation, and Does 1 through 50, | **(3) TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551; AND** |
| Defendants. | **(4) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS** |
| | Date:   [To be set by summons]<br>Time:   [To be set by summons]<br>Place:  Ronald Reagan Federal Building<br>           411 W. 4th Street<br>           Suite 5130 / Courtroom 5C<br>           Santa Ana, CA 92701 |

1

**TO DEFENDANT AND THE DEFENDANT'S ATTORNEY OF RECORD, IF ANY:**

Plaintiff Karen S. Naylor (the "Trustee" or "Plaintiff"), in her capacity as chapter 7 trustee of the bankruptcy estate (the "Estate") of Homestead Escrow, Inc. ("Debtor" or "Homestead Escrow"), files this Complaint against defendant Corner Escrow, Inc. ("Corner Escrow") and respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division, entitled *In re Homestead Escrow, Inc.,* case number 8:19-bk-13159-SC.

2. The instant adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), (H) and (O). To the extend that any claim for relief contained herein is determined not to be a core proceeding, the Trustee consents to the entry of final judgment and orders by the Bankruptcy Court.

3. This adversary proceeding is filed pursuant to Federal Rules of Bankruptcy Procedure 7001. The Trustee, as the chapter 7 Trustee of the Estate, has standing to bring this action pursuant to 11 U.S.C § 323.

4. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409(a).

## PARTIES TO THE ACTION

5. The Trustee brings this action solely in her capacity as Trustee for the benefit of the Estate and its creditors in the bankruptcy case. To the extent that the Trustee hereby asserts claims under 11 U.S.C. § 544(b), the Trustee is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law prior to

the Petition Date (defined below).

6.      The Trustee was appointed upon the filing of the bankruptcy case. As a result, the Trustee does not have personal knowledge of many of the facts alleged in this Complaint that occurred prior to her appointment and, therefore, alleges all those facts on information and belief. The Trustee reserves her right to amend this Complaint to allege additional claims against CORNER ESCROW and to challenge and recover transfers made to or for the benefit of CORNER ESCROW in addition to those transfers alleged in this Complaint.

7.      Defendant Corner Escrow is, and at all times relevant herein mentioned was, a corporation duly organized and existing in the State of California.

8.      The true names and capacities of the defendants identified herein as Does 1 through 50, inclusive, are unknown to the Trustee at the time of the filing of this Complaint, and they are therefore sued under such fictitious names.  When their true names and capacities are ascertained, the Trustee will amend this Complaint by inserting their true names and capacities herein. The Trustee is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the Trustee's damages as herein alleged were proximately caused by those defendants.  Corner Escrow and Does 1 through 50 may be referenced collectively as "Defendants."

## GENERAL ALLEGATIONS

9.      The Trustee is informed, believes, and alleges that on August 14, 2019 (the "Petition Date"), Homestead Escrow filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Bankruptcy Code for the Central District of California.

10.     The Trustee is informed, believes, and alleges that commencing January 2018, Homestead Escrow experienced a sudden mass departure of its employees. The departing employees took with them over 74% of Homestead Escrow's business. Shortly thereafter, the departing employees gained ownership interests in Corner Escrow (the "Departing Employees") and transferred those escrow accounts to Corner Escrow (the "Transfers") without Homestead Escrow's consent.

11.     The Trustee is informed, believes, and alleges that meanwhile, the Departing

1    Employees, acted as an agent of Corner Escrow, began spreading rumors to Homestead Escrow's

2    clients that Homestead Escrow would cease business operations imminently and without notice.

3      12. The Trustee is informed, believes, and alleges that these rumors were false at the

4    time. Homestead Escrow was a thriving company having multiple offices in both Orange County

5    and Los Angeles County with a gross annual revenue of approximately $10,328,000. These

6    rumors destroyed the good will and good reputation of Homestead Escrow.

7      13. The Trustee is informed, believes, and alleges that as a result, a significant number

8    of Homestead Escrow's clients moved their escrow accounts from Homestead Escrow to Corner

9    Escrow, which caused substantial loss in the amount of at least approximately $ 443,325.00,

10    subject to proof at time of trial.

11      14. The Trustee is informed, believes, and alleges that a well-recognized custom in the

12    real estate escrow industry is that if a "in progress" escrow file is transferred before the file

13    escrow fee is earned, the originating escrow company is entitled to share in the total escrow fee.

14    From the opening of an escrow account to its closing, there are different stages of completion.

15    Upon completion of one stage of the work, the corresponding milestone fees for that stage

16    become due and payable to the originating escrow company.

17      15. The Trustee is informed, believes, and alleges that Homestead Escrow had done

18    substantial work on the escrow accounts transferred to Corner Escrow. With the consideration of

19    the different degrees of completion and the milestone work Homestead Escrow had

20    accomplished, the escrow fees earned by Homestead Escrow are estimated in the amount of

21    approximately $443,325.38.

22      16. The Trustee is informed, believes, and alleges that in accordance with the

23    industrial custom, Corner Escrow should prorate and pay this portion of escrow fees to

24    Homestead Escrow. Ignoring the industrial customary practice and the value of Homestead

25    Escrow's work into such escrow files prior to being transferred to Corner Escrow, Corner Escrow

26    took all the fees yielded from those transferred escrow accounts and refused to pay the portion of

27    these fees due to Homestead Escrow.

28      17. The Trustee is informed, believes, and alleges that homestead Escrow also

1   incurred significant costs relating to the maintenance and integrity of all the escrow accounts

2   transferred to Corner Escrow, including maintaining custody of customers' personal information

3   and records files, and management of auditing.

4        18.    The Trustee is informed, believes, and alleges that the substantial loss of escrow

5   accounts and failure to receive fees already earned substantially contributed to Homestead

6   Escrow's insolvency and caused Homestead Escrow's financial difficulty. After a series of efforts

7   to revive the business failed, Homestead Escrow was compelled to close multiple business offices

8   around February 2019.

9                              **FIRST CLAIM FOR RELIEF**

10                      **(To Avoid and Recover Fraudulent Transfers**

11                    **Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)**

12       19.    The Trustee incorporates each and every allegation contained in paragraphs 1

13   through 18, as though fully set forth herein.

14       20.    The Trustee is informed, believes, and alleges that the Transfers occurred during

15   the two (2) years immediately preceding the Petition Date.

16       21.    The Trustee is informed, believes, and alleges that a significant number of

17   Homestead Escrow's escrow accounts were transferred to Corner Escrow.

18       22.    The Trustee is informed, believes, and alleges that Homestead Escrow had earned

19   escrow fees in the amount of at least approximately $443,325.38 (subject to proof at trial) for

20   completing the milestone work for those transferred escrow accounts.

21       23.    The Trustee is informed, believes, and alleges that Homestead Escrow did not

22   receive reasonably equivalent value in exchange for the Transfers. Corner Escrow refused to pay

23   the portion of the fees already earned by Homestead Escrow prior to the transfer of the files to

24   Corner Escrow.

25       24.    The Trustee is informed, believes, and alleges that Homestead Escrow was

26   insolvent at the time of the Transfers and/or rendered insolvent by virtue of the Transfers.

27       25.    The Trustee is informed, believes, and alleges that the Transfers rendered

28   Homestead Escrow in a situation where the remaining assets of Homestead Escrow were

1    unreasonably small in relation to the business or transaction.

2    26.    By reason of the foregoing, the Transfers are avoidable, the Trustee is entitled to

3    judgment setting aside the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B) or the value of the

4    Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 550.

5    **SECOND CLAIM FOR RELIEF**

6    **(To Avoid and Recover Fraudulent Transfers**

7    **Pursuant to 11 U.S.C. §§ 544(b) and 550, and**

8    **California Civil Code §§ 3439.04(a)(2) and 3439.05(a))**

9    27.    The Trustee incorporate each and every allegation contained in paragraphs 1

10    through 26, as though fully set forth herein.

11    28.    The Trustee is informed, believes, and alleges that the Transfers were made within

12    four-years preceding the Petition Date.

13    29.    The Trustee is informed, believes, and alleges that a significant number of

14    Homestead Escrow's escrow accounts were transferred to Corner Escrow.

15    30.    The Trustee is informed, believes, and alleges that Homestead Escrow had earned

16    escrow fees in the amount of at least approximately $443,325.38 (subject to proof at trial) for

17    completing the milestone work for those transferred escrow accounts.

18    31.    The Trustee is informed, believes, and alleges that Homestead Escrow did not

19    receive reasonably equivalent value in exchange for the Transfers. Corner Escrow refused to pay

20    the portion of the fees already earned by Homestead Escrow prior to the transfer of the files to

21    Corner Escrow.

22    32.    The Trustee is informed, believes, and alleges that Homestead Escrow was

23    insolvent at the time of the Transfers and/or rendered insolvent by virtue of the Transfers.

24    33.    The Trustee is informed, believes, and alleges that the Transfers rendered

25    Homestead Escrow in a situation where the remaining assets of Homestead Escrow were

26    unreasonably small in relation to the business or transaction.

27    34.    By reason of the foregoing, the Transfers are avoidable, the Trustee is entitled to

28    judgment setting aside the Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code §

3439.04(a)(2) and 3439.0(a), for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

### (To Preserve Transfers for the Benefit of the Estate

### Pursuant to 11 U.S.C. § 551)

35.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 34, as though fully set forth herein.

36.    Pursuant to 11 U.S.C. §§ 548 and 550, and California Civil Code §§ 3439.04(a)(2) and 3439.05(a), the Transfers are avoidable.

37.    Pursuant to 11 U.S.C. § 551, if the Transfers are avoided, they are automatically preserved for the benefit of the Estate.

38.    By reason of the foregoing, the Trustee is entitled to judgment preserving the avoided Transfers for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

39.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 18, as though fully set forth herein.

40.    The Trustee is informed, believes, and alleges that the Departing Employees gained ownership interests in Corner Escrow and acted as agents of Corner Escrow.

41.    The Trustee is informed, believes, and alleges that the Departing Employees, acting as agents of Corner Escrow, spread the rumors that Homestead Escrow would cease business operations imminently and without notice, which destroyed the good will and good reputation of Homestead Escrow.

42.    The Trustee is informed, believes, and alleges that the Departing Employees, acting as agents of Corner Escrow, knew the existence of the contractual relations between Homestead Escrow and its clients, and purposefully spread the rumors to those clients.

43.    The Trustee is informed, believes, and alleges that such rumors caused a significant number of clients to transfer their escrows from Homestead Escrow to Corner Escrow.

44.    The Trustee is informed, believes, and alleges that the Departing Employees,

1    acting as agents of Corner Escrow, intended this result or knew that this result was certain or

2    substantially certain to occur.

3         45.    The Trustee is informed, believes, and alleges that the spreading of the rumors by

4    the Departing Employees, acting as agents of Corner Escrow, was the substantial factor in

5    causing Homestead Escrow's loss of clients and earned escrow fees.

6         46.    The Trustee is informed, believes, and alleges that Homestead Escrow suffered

7    substantial loss in the amount of at least approximately $443,325.38 (subject to proof at time of

8    trial) caused by the spreading of the rumors.

9         **WHEREFORE**, the Trustee prays that this Court enter a judgment in favor of Trustee

10   and against the Defendants as follows:

11                           **On the First Claim for Relief**

12        1.    Avoiding the Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550, or any

13   other applicable statues;

14        2.    Declaring the Transfers to be annulled and rendered void as fraudulent transfers,

15   and for recovery of the Transfers, or the value thereof, for the benefit of the Estate;

16                          **On the Second Claim for Relief**

17        3.    Avoiding the Transfers pursuant to 11 U.S.C. §§ 544(b) and 550, and Cal. Civ.

18   Code § 3439.04(a)(2) and 3439.05(a), or any other applicable statues;

19        4.    Declaring the Transfers to be annulled and rendered void as fraudulent transfers,

20   and for recovery of the Transfers, or the value thereof, for the benefit of the Estate;

21                           **On the Third Claim for Relief**

22        5.    For preservation of the Transfers for the benefit of the Estate;

23                          **On the Fourth Claim for Relief**

24        6.    Awarding damages in the amount of at least $ 443,325.38 (subject to proof at time of

25            trial).

26                            **On All Claims for Relief**

27        7.    For pre-judgment and post-judgment interest at the maximum legal rate;

28        8.    For Plaintiff's attorneys' fees and costs; and

9.  For such other and further relief as the Court deems just and proper.

Respectfully Submitted By:

DATED:      December 1, 2020        **GOE FORSYTHE & HODGES LLP**

By:   /s/Marc C. Forsythe
      Marc C. Forsythe, Esq.
      Ronghua Sophia Wang, Esq.
      Attorneys for Plaintiff Karen S. Naylor,
      Chapter 7 Trustee

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Marc C. Forsythe (CA Bar No. 153854) <br> Ronghua Sophia Wang (CA Bar No. 324494) <br> GOE FORSYTHE & HODGES LLP <br> 18101 Von Karman Avenue, Suite 1200 <br> Irvine, CA 92612 <br> mforsythe@goeforlaw.com <br> swang@goeforlaw.com <br> Telephone:  (949) 798-2460 <br> Facsimile:   (949) 955-9437 <br><br> *Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re: <br> HOMESTEAD ESCROW, INC., <br><br><br> Debtor(s). | CASE NO.: 8:19-bk-13159-SC <br><br> CHAPTER: 7 <br><br> ADVERSARY NO.: |
|---|---|
| KAREN S. NAYLOR, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Homestead Escrow, Inc., <br><br><br> Plaintiff(s) <br><br> Versus <br><br> CORNER ESCROW, INC., a California corporation, and Does 1 through 50, <br><br><br> Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING** <br> **[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____
> **Time:** _____
> **Courtroom:** _____
>
> **Address:**
> ☐ 255 East Temple Street, Los Angeles, CA 90012
> ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☒ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


        **KATHLEEN J. CAMPBELL**
        **CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


By: _____
               Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

18101 Von Karman Avenue, Suite 1200

Irvine, CA 92612

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

Complaint; Notice of Compliance with Local Bankruptcy Rule 7026-1

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**

On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Defendant - CORNER ESCROW, INC., a California corporation

c/o Agent for Service of Process - Sean Milam

161 Fashion Lane

Suite 113, Tustin, CA 92780

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Santa Ana, CA 92701
(SUSPENDED DUE TO COVID-19 PROTOCOLS)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                  Page 3                          **F 7004-1.SUMMONS.ADV.PROC**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>KAREN S. NAYLOR, solely in her capacity as Chapter 7 T<br>rustee of the bankruptcy estate of Homestead Escrow, Inc., | DEFENDANTS<br>CORNER ESCROW, INC., a California corporation, and<br>Does 1 through 50 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Marc C. Forsythe & Ronghua Sophia Wang<br>GOE FORSYTHE & HODGES LLP<br>18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612<br>Telephone:  (949) 798-2460; Facsimile:  (949) 955-9437 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor              ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor           ☐ Other<br>☒ Trustee | ☐ Debtor              ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor           ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550;
(2) TO AVOID AND RECOVER FRADULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA
CIVIL CODE §§ 3439.04(a)(2) AND 3439.05(a); (3) TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE
PURSUANT TO 11 U.S.C. § 551; AND  (4) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property – §542 turnover of property<br>☐ 12-Recovery of money/property – §547 preference<br>☐ 13-Recovery of money/property – §548 fraudulent transfer<br>☐ 14-Recovery of money/property – other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability – §523(a)(5), domestic support<br>☐ 68-Dischargeability – §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability – §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>     (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge – §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation,<br>     actual fraud<br>☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>     if unrelated to bankruptcy case) |
| (continued next column) | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 443,325.38 |

Other Relief Sought
For pre-judgment and post-judgment interest at the maximum legal rate; for Plaintiff's attorneys' fees and costs; and for such
other and further relief as the Court deems just and proper.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>HOMESTEAD ESCROW, INC. | BANKRUPTCY CASE NO.<br>8:19-bk-13159-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana Division | NAME OF JUDGE<br>Scott Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Marc C. Forsythe | | |
| DATE<br>12/01/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>**Marc C. Forsythe** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  Marc C. Forsythe (CA Bar No. 153854)
   Ronghua Sophia Wang (CA Bar No. 324494)
2  **GOE FORSYTHE & HODGES LLP**
   18101 Von Karman Avenue, Suite 1200
3  Irvine, CA 92612
   mforsythe@goeforlaw.com
4  swang@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Attorneys for Plaintiff Karen S. Naylor,
   Chapter 7 Trustee

7

8            **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| 10  In re | Case No.:  8:19-bk-13159-SC |
| 11  HOMESTEAD ESCROW, INC., | Adv. No.:  8:20-ap-01164-SC |
| 12            Debtor. | |
| 13 | Chapter 7 Proceeding |
| 14 | **NOTICE OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 7026-1** |
| 15  KAREN S. NAYLOR, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of | <u>Status Conference Hearing</u>: |
| 16  Homestead Escrow, Inc., | Date:   [To be set by summons] |
| 17            Plaintiff, | Time:   [To be set by summons] |
| vs. | Place:  Ronald Reagan Federal Building |
| 18  CORNER ESCROW, INC., a California corporation, and Does 1 through 50, |        411 West Fourth Street |
| 19 |        Courtroom 5C |
| 20            Defendants. |        Santa Ana, CA 92701 |

21

22                    <u>**LBR 7026-1. DISCOVERY**</u>

23  **(a)**    <u>**General**</u>.        Compliance with FRBP 7026 and this rule is required in all adversary

24  proceedings.

25          (1)    <u>Notice</u>. The plaintiff must serve with the summons and complaint a notice that

26  compliance with FRBP 7026 and this rule is required.

27          (2)    <u>Proof of Service</u>. The plaintiff must file a proof of service of this notice together

28  with the proof of service of the summons and complaint.

1

**(b) <u>Discovery Conference and Disclosures</u>.**

    (1)   <u>Conference of Parties</u>. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

    (2)   <u>Joint Status Report</u>. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c) <u>Failure to Make Disclosures or Cooperate in Discovery</u>.**

    (1)   <u>General</u>. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

    (2)   <u>Meeting of Counsel</u>. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

    (3)   <u>Moving Papers</u>. If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

        (A)   The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

        (B)   The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain,

1    verbatim, both the interrogatory and the allegedly insufficient answer, followed by

2    each party's contentions, separately stated.

3        (C)    In the absence of such stipulation or a declaration of counsel of

4    noncooperation by the opposing party, the court will not consider the discovery

5    motion.

6        (4)    <u>Cooperation of Counsel; Sanctions</u>. The failure of any counsel either to cooperate

7    in this procedure, to attend the meeting of counsel, or to provide the moving party the

8    information necessary to prepare the stipulation required by this rule within 7 days of the

9    meeting of counsel will result in the imposition of sanctions, including the sanctions

10    authorized by FRBP 7037 and LBR 9011-3.

11        (5)    <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery

12    motion to compel a non-party to comply with a deposition subpoena for testimony and/or

13    documents under FRBP 7030 and 7034.

14

15                          Respectfully Submitted By:

DATED:    December 2, 2020        **GOE FORSYTHE & HODGES LLP**

16

17

18                    By:    <u>/s/Marc C. Forsythe</u>

19                            Marc C. Forsythe, Esq.
                        Ronghua Sophia Wang, Esq.

20                            Attorneys for Plaintiff Karen S. Naylor,
                        Chapter 7 Trustee

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

18101 Von Karman Avenue, Suite 1200

Irvine, CA 92612

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

Complaint; Notice of Compliance with Local Bankruptcy Rule 7026-1   &

Early Meeting of Counsel and Status Conference Instructions

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __12/02/2020_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
   Karen S Naylor (TR)    alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
   United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:

On (*date*) __12/02/2020_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Defendant - CORNER ESCROW, INC., a California corporation

c/o Agent for Service of Process - Sean Milam

161 Fashion Lane

Suite 113, Tustin, CA 92780

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __12/02/2020_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Santa Ana, CA 92701

(SUSPENDED DUE TO COVID-19 PROTOCOLS)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/02/2020 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.